IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL RIVERA | ) | |
| | ) | No. 11 cv 8038 |
| Plaintiff | ) | |
| | ) | Honorable Judge St. Eve |
| v. | ) | |
| | ) | |
| AIR CARE OF CHICAGO, INCORPORATED, A/K/A | ) | *JURY DEMAND* |
| AIR CARE CHICAGO, JUSTIN GARDNER, | ) | |
| INDIVIDUALLY, AND FRANK CACUZZA, | ) | |
| INDIVIDUALLY | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**PLAINTIFF'S MOTION
FOR PROVE-UP OF DEFAULT JUDGMENT**

NOW COMES Plaintiff Daniel Rivera, by his attorney of record, and for his Motion For Prove up of Default Judgment, state as follows:

1. Plaintiff brought his claims herein under the Fair Labor Standards Act arising out of Defendants' failure to pay him time and one half his regular hourly rate for hours worked in excess of forty (40) in a workweek in addition failure to pay for regular hours worked.

2. On September 6, 2012 this Court entered an Order of Default against Corporate Defendant Air Care of Chicago, Incorporated, d/b/a Air Care Chicago. On September 26, 2012, this Court entered an Order of Default against individual Defendants Frank Cacuzza, and Justin Gardner.

4. Plaintiff worked as a Technicians Helper, and was treated as an independent contractor who job duties were to perform work as a laborer cleaning air ducts for Defendants business during the relevant time period. Plaintiff was promised to be paid a flat amount of $300.00 per week, regardless of the number of hours worked.

5. Plaintiff Rivera worked for Defendants for approximately 6.3 weeks from August of 2010 to October of 2010. See declaration of Plaintiff Rivera attached as **Exhibit A**.

6. Plaintiff attested he worked from 8am to 5pm, six (6) days per week, cleaning air ducts at residential homes and averaging approximately 54 hours per work week. In cases where an employer has not maintained time records that are compliant with the time keeping provisions of the United States Department of Labor, estimating the overtime hours worked has been approved as reasonable "and the Court may then award damages to the employee even though the result be only approximate". *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, (1946).

7. Plaintiff's underlying wage damages of $3,170.48, (6.3 weeks x 54 hours per week - see Plaintiff's Declaration attached as **Exhibit A**), should be liquidated or doubled under the liquidated damages provisions of the FLSA. It is well settled that under the Fair Labor Standards Act, liquidated damages are presumed when the act is violated. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir.1986) It has been held that liquidated damages are not penal in nature but constitute compensation for the retention of a workman's pay which might result in damages too obscure and difficult to prove or estimate other than by liquidated damages. *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942). This Circuit has held that

2

double damages are the norm, single damages the exception. *Avitia v. Metropolitan Club of Chicago, Inc.*, **49 F3d 1219 (7th Cir. 1995).** Thus, Plaintiff is entitled to a judgment including the liquidated amount totaling $6,340.95.

      8. Under the FLSA, Plaintiff is also entitled to reasonable attorney's fees and costs. Plaintiff's reasonable fees total $8,973.75, costs total $450.00, and are detailed in the attached affidavit of John W. Billhorn, **Exhibit B**.

      **Wherefore,** Plaintiff requests this Court to enter a Default Judgment in the amount of $15,764.70 against Defendant Air Care of Chicago, Inc., a/k/a Air Care Chicago, Justin Gardner, individually, and Frank Cacuzza, individually, and for such other relief the Court deems appropriate under the circumstances.

      Respectfully submitted,

      *Electronically Filed 10/16/2012*

      /s/ John W. Billhorn

      _____
      John William Billhorn

      BILLHORN LAW FIRM
      120 S. State Street, Suite 400
      Chicago, IL 60603
      (312) 853-1450